IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NUMBER:

Brandon A. Moore, )
    *Plaintiff*, )
                     )
  vs. )                                     **COMPLAINT**
                                   )                 *(Jury Trial Requested)*
                                   )
Smithfield Farmland Corp., )
    *Defendant*. )

1. This action is brought by a male citizen of Robeson County, North Carolina, for declaratory relief as well as damages. Plaintiff seeks compensation from the Defendant for maintaining a policy, practice, custom or usage of discriminating against Plaintiff for exercising his rights under 42 USC §1981 with respect to compensation, terms, conditions, promotions, and privileges of employment in ways which deprive Plaintiff of equal employment opportunities and otherwise adversely effect plaintiff's status as an employee.

2. Jurisdiction of the Court is invoked pursuant to 28 USC § 1343 (3) and (4), 28 USC § 1331, and 42 USC § 2000e-5(f), this being a proceeding to enforce rights and remedies secured to Plaintiff by 42 USC § 2000e et. seq. as amended and as amended by the Civil Rights Act of 1991; and 42 USC § 1981.

3. Jurisdiction is further invoked pursuant to 28 USC §§ 2201 and 2202, this being an action for declaratory relief declaring illegal the acts of Defendant complained herein in violation of rights secured to plaintiff by the several Civil Rights Acts and the Constitution.

4. Plaintiff, Brandon Moore, is a male citizen of the United States and the State of North Carolina and resides in Robeson County, North Carolina. At all times alleged herein, Plaintiff was an employee within the meaning of 42 USC § 2000e(f).

5. The unlawful practices alleged herein were committed within the State of North Carolina; specifically in Bladen County, North Carolina.

6. The Defendant employs more than 10,000 people throughout the nation and operates in the production, processing and distribution of food and related products. At all times alleged herein, the Defendant was an employer within the meaning of 42 USC § 2000e(b) and employed more than fifteen (15) employees.

7. Plaintiff contends that at all times alleged herein, he was qualified for the positions he held with the Defendant. The Plaintiff contends that he was retaliated against for participating in a protected act, in terms of the work conditions, privileges, benefits, and work environment. Plaintiff's claims of the violations of 42 USC § 1981 arise from allegations of retaliation and wrongful discharge.

8. The Plaintiff began his employment with the Defendant in December, 2006. Immediately prior to his termination, the Plaintiff held the position of Crew Leader in the Case Ready Department. The Plaintiff further contends that throughout his employment with the Defendant, he was performing his job satisfactorily and was not in jeopardy of being terminated due to any fault of his own or due to poor job performance.

9. The Plaintiff contends that in 2016 he was identified as a witness in a lawsuit filed by a former co-worker, Lisa Cooper, against the Defendant. Further, the Plaintiff was identified as a supporting witness with knowledge of alleged sexual harassment in the workplace that was

detrimental to the Defendant. Cooper was represented by Angela Gray from the law firm Gray Newell Thomas, LLP, formerly known as Gray Newell, LLP, in that lawsuit.

10. On May 17, 2016, counsel for the Defendant deposed Cooper during which Cooper testified that the Plaintiff would testify in her favor regarding allegations of sexual harassment in the workplace.

11. Based upon information and belief, on or about May 17, 2016 Attorney Gray notified counsel for the Defendant in the Cooper lawsuit that she intended to talk to the Plaintiff to learn his version of the facts as it pertained to sexual harassment in the workplace.

12. On May 18, 2016, counsel for the Defendant and the Human Resources Manager for the Defendant held a conference call with the Plaintiff wherein the Plaintiff was asked about sexual harassment in the workplace as alleged in Cooper's lawsuit and deposition. Among other things, the Plaintiff confirmed that he had witnessed sexual harassment in the workplace as alleged in Cooper's lawsuit; and also informed counsel for the Defendant that he had complained, and had assisted Cooper in complaining to their supervisors about sexual harassment witnessed in the workplace.

13. Based on the conference call, counsel for the Defendant indicated that he would prepare a written statement memorializing the Plaintiff's statements.

14. On approximately May 19, 2016, the Human Resources Manager presented the Plaintiff with a statement prepared by counsel for the Defendant and was instructed to sign the statement.

15. After reading the statement, the Plaintiff refused to sign it because it was inaccurate, and written in such a way to suggest that the Plaintiff supported the Defendant rather than Cooper. The Plaintiff then asked Human Resources to contact counsel for the Defendant so

that the Plaintiff could inform him of the inaccuracies and rewrite the statement. However, the Human Resources Manager refused to do so.

16. Shortly thereafter the Plaintiff returned to the work floor. Approximately an hour later, the Plaintiff was approached by another Manager who asked him why he would not sign the statement as it had been prepared. The Plaintiff was surprised to learn that this manager had knowledge of the incident, and simply informed her that he would not sign the document.

17. On approximately May 20, 2016, the Plaintiff learned that his work badge had been deactivated when he tried to enter the plant to begin his workday. Immediately thereafter, the Plaintiff was told to go to the Human Resources department and write another statement regarding Cooper's case. The statement the Plaintiff wrote was in support of Cooper, and was then given to the Human Resources Manager.

18. Based upon information and belief, the Plaintiff's written statement was not produced in the Cooper lawsuit.

19. The Plaintiff contends that by deactivating his work badge on May 20, 2016, the Defendant intended to intimidate, scare and constructively threaten the Plaintiff so that he would refrain and retreat from his support of Cooper in her lawsuit against the Defendant. Further, the Defendant did not have a legitimate reason to deactivate his badge on May 20, 2016.

20. On approximately June 27, 2016, the Plaintiff was suspended indefinitely and sent home from work early for allegedly violating a company policy, but was not told the specific policy he allegedly violated. Then on June 30, 2016, the Plaintiff was terminated allegedly for getting paid for a day he did not work.

21. The Plaintiff contends that the Defendant did not have a legitimate business reason to suspend and/or terminate him.

22. The Plaintiff contends that the Defendant, by and through its agents, engaged in willful and wanton conduct which was atrocious and utterly intolerable.

23. The Plaintiff contends that he engaged in, or was engaging in an activity protected under federal law, that is opposing sexual harassment in the workplace by an agent of the employer, when he a) provided a statement to his employer and was a witness in an investigation and lawsuit; b) communicated with Human Resources and counsel for the Defendant about sexual harassment against Cooper; c) answered questions during an employer investigation of alleged sexual harassment against Cooper; and d) refused to support the employer during the investigation and lawsuit.

24. The Plaintiff contends that the employer subjected him to an adverse employment action, that is suspension and termination; and, he was subjected to the adverse employment action because of his participation in protected activity and his opposition to sexual harassment in the workplace.

25. The Plaintiff contends that but for his participation in protected activity, he would not have been suspended and/or terminated.

26. The Plaintiff contends that he was retaliated against for being a witness in a complaint, investigation, and lawsuit; for communicating with a supervisor or manager about employment discrimination, including sexual harassment; answering questions during an employer investigation of alleged sexual harassment; and for refusing to follow orders that would result in discrimination.

27. The Plaintiff contends that there is a causal connection between his support of Cooper in her lawsuit against the Defendant, his verbal and written support of her claims of sexual harassment in the workplace, his opposition to the sexual harassment he witnessed in the workplace and the deactivation of his work badge, suspension and termination. Hence, there is a causal connection between the protected activity and the adverse employment action.

28. As a result of the foregoing conduct, the Plaintiff has suffered pecuniary and non-pecuniary damages.

## COUNT ONE

The Defendant is liable to the Plaintiff for retaliating against him in violation of 42 USC §1981 for opposing practices made unlawful pursuant to Title VII and 42 USC §1981, and for participating in protected activity.

WHEREFORE, Plaintiff prays the Court that it:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of Plaintiff's rights;

2. Permanently enjoin the Defendant from engaging in said unlawful practices, policies, customs, and usages set forth herein and from continuing any and all other practices shown to be in violation of applicable law;

3. Award Plaintiff compensatory damages for pecuniary losses, emotional pain, and mental anguish, together with attorney's fees and the costs and disbursements of this action;

4. Award Plaintiff punitive damages;

5. Award Plaintiff backpay with prejudgment interest, and affirmative relief necessary to eradicate the effects of the unlawful employment practices;

6. Grant Plaintiff a jury trial on all issues of fact, and;

7. Grant such other relief as may be just and proper.

This the 22nd day of August, 2017.

GRAY NEWELL THOMAS, LLP.

BY:  /s/ Angela Gray
       Angela Newell Gray
       7 Corporate Center Court, Suite B
       Greensboro, NC  27408

Telephone: (336) 724-0330
Facsimile: (336) 458-9359
Email: angela@graynewell.com
*Attorney for Plaintiff*
NC Bar # 21006