# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

Case No.: 7:17-cv-00170-D

| | |
|---|---|
| BRANDON A. MOORE, | |
| Plaintiff, | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS |
| v. | Fed. R. Civ. P. 12(b)(6), and Local Civil Rules 7.1 and 7.2 |
| SMITHFIELD FARMLAND CORP., | |
| Defendant. | |

Defendant Smithfield Farmland Corp. ("Smithfield" or the "Company"), by counsel, submits this memorandum of law in support of its Motion to Dismiss.

## I. PRELIMINARY STATEMENT

Plaintiff's Complaint is an attempt to fit a square peg into a round hole. Plaintiff advances a single cause of action alleging retaliation in violation of Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), which prohibits only race discrimination and retaliation against those who oppose it. *See* 42 U.S.C. §1981; *see also CBOCS W., Inc. v. Humphries*, 553 U.S. 442 (2008) (recognizing that retaliation is a viable theory under Section 1981). The problem with Plaintiff's Complaint, however, is that it does not contain a single allegation of race-based discrimination or retaliation.

Instead, Plaintiff's claims are founded solely on allegations that he was retaliated against and ultimately terminated for opposing purported sexual harassment in the workplace and for supporting a co-worker's sexual harassment lawsuit against Smithfield. (Compl., ¶¶ 9-12; 23-

27). Regardless of the veracity of these allegations—and to be clear, Smithfield strongly denies them—Plaintiff's Complaint fails to state a cause of action upon which relief can be granted because Section 1981 simply does not provide a legal basis for a gender-based discrimination or retaliation claim. *See e.g., Carter v. Philip Morris, USA*, 36 F.3d 1091 (4th Cir. 1994) (sexual harassment is not cognizable under Section 1981); *Leak v. Hous. Auth. of Winston-Salem*, No. 1:13CV837, 2013 WL 5494085, at *3 (M.D.N.C. Oct. 2, 2013) (dismissing Section 1981 retaliation claim absent proof of protected activity under Section 1981).

Given the fundamental nature of this deficiency, amendment would be futile. It is not feasible to conclude that Plaintiff could, in good faith, cure the defect in his case theory any amendment. For this reason and those set forth in greater detail below, Plaintiff's Complaint cannot survive scrutiny under Rule 12(b)(6) and should be dismissed with prejudice.

## II. **STATEMENT OF FACTS**[1]

The facts relevant to the issues raised in this Motion are presented in Plaintiff's Complaint. Moore was employed by Smithfield beginning in December 2006 at the Company's Bladen County, NC plant. (Compl. ¶¶ 5, 8). Immediately prior to his termination, Plaintiff worked as a Crew Leader in the Case Ready Department. (*Id.* at ¶ 8).

In 2016, Plaintiff was identified as a witness in a sexual harassment lawsuit filed against Smithfield by a former co-worker, Lisa Cooper. (Compl. ¶ 9). During that litigation, Ms. Cooper testified in a deposition that Plaintiff would testify favorably to her regarding her sexual

---

[1] Smithfield disputes the merits of the majority of the factual allegations made in the Complaint, but acknowledges that they are presumed to be true and correct for purposes of this motion only. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007).

harassment allegations against Smithfield. (*Id*.) Plaintiff does not contend that Cooper's lawsuit against Smithfield alleged, or had anything to do with, alleged race discrimination.[2]

Shortly after Ms. Cooper's deposition, Smithfield's Human Resources Manager and legal counsel spoke with Plaintiff about Ms. Cooper's litigation, and asked him about her sexual harassment allegations. (Compl. ¶ 12). Plaintiff confirmed to them he witnessed sexual harassment in the workplace and that he had assisted Ms. Cooper in making complaints to supervisors about the sexual harassment they had witnessed. (*Id*.) The next day, Smithfield's Human Resources Manager asked Moore to sign a written statement. Plaintiff refused to sign the statement because it made it sound like Plaintiff supported the Company, and not Ms. Cooper. (Compl. ¶ 15). He asked Smithfield's Human Resources Manager to contact the Company's legal counsel so that they could rewrite the statement, but the Human Resources Manager refused. (*Id*.)

Shortly thereafter, Plaintiff's access badge was deactivated, and he was asked to go to Human Resources and write another statement regarding Ms. Cooper's lawsuit. Plaintiff then wrote a statement supporting Ms. Cooper. (Compl. ¶¶ 16-17). Approximately one month later, Plaintiff was suspended and sent home for violating Company policy, and terminated on June 30, 2016 allegedly for getting paid for a day he did not work. (Compl. ¶ 20)

Plaintiff contends he was fired for "opposing sexual harassment in the workplace," namely, attempting to support Ms. Cooper's workplace complaints of sexual harassment and her sexual harassment lawsuit, and refusing to support the Company. (Compl. ¶ 23) He further

---

[2] Indeed, he cannot. Lisa Cooper never brought a cause of action for race discrimination or racial harassment in her lawsuit against Smithfield. *See Cooper v. Smithfield Packing Company, Inc*., Case 7:13-cv-145-F (E.D.N.C.).

contends he was suspended and terminated "because of his participation in protected activity and his opposition to sexual harassment in the workplace." (Compl. ¶ 24) Plaintiff ultimately contends that Smithfield's actions against him constitute retaliation in violation of Section 1981. At no time does Plaintiff contend that he opposed race discrimination, complained about or reported race discrimination, or that his support of Ms. Cooper had anything to do with allegations of race discrimination. Throughout the Complaint, Plaintiff's only and repeated references to protected activity relate to Ms. Cooper's sexual harassment allegations and his support of her efforts to advance those allegations against the Company.

### III. ARGUMENT

#### A. Applicable Legal Standards Under Rule 12(b)(6)

The purpose of a Rule 12(b)(6) motion is to allow a defendant to test whether, as matter of law, a plaintiff would not be entitled to legal relief even if everything alleged in complaint is accepted as true. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). The Court, however, "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts. Inc. v. J.D. Assocs., LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

To satisfy the pleading requirements under Rule 12(b)(6), a plaintiff has the burden of alleging each of the legal elements of his claim and plausible facts that would support relief. To this end, Plaintiff's pleading obligation under 12(b)(6) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ([t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice."). "While a plaintiff is not charged with pleading facts sufficient to prove [his] case . . . a plaintiff *is* required to allege facts that support a claim for relief." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), *cert. denied*, 540 U.S. 940 (2003) (emphasis in original). *See also Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 346 (4th Cir. 2006) ("the burden of a plaintiff [is] to allege facts sufficient to state all the elements of her claim").

### B. Plaintiff's Complaint Fails To State Any Claim Upon Which Relief Can Be Granted Under Section 1981.

Plaintiff's Complaint fundamentally lacks the factual support necessary to support a claim for relief based on Section 1981. By its terms, Section 1981 prohibits discrimination on the basis of race. *See* 42 U.S.C. § 1981(a). While Section 1981 also provides a remedy for retaliation, such a claim is only available to those who have suffered an adverse employment action in response to complaints about, or opposition to, race discrimination in violation of the statute. *See Everett v. Redmon*, No. 7:16-CV-323-D, 2017 WL 2313468, at *6 (E.D.N.C. May 26, 2017) (finding that a plaintiff must allege that he engaged in protected activity concerning a section 1981 violation for race discrimination in order to state a claim for Section 1981 retaliation). Stated differently, in order to state a viable claim of retaliation under Section 1981, Plaintiff must plead facts sufficient to show that he suffered an adverse employment action because he engaged in ***protected activity that relates to race discrimination***. *See Leak v. Hous. Auth. of Winston-Salem*, No. 1:13CV837, 2013 WL 5494085, at *3 (M.D.N.C. Oct. 2, 2013) (dismissing Section 1981 retaliation claim since plaintiff's conduct in reporting alleged safety or environmental violations did not constitute a protected activity under § 1981).

It is hard to state the matter more plainly: Plaintiff's lawsuit is not about race discrimination. His Complaint is devoid of even a single mention of the type of race-based misconduct proscribed by Section 1981. Plaintiff has not alleged that he complained about, or otherwise opposed, race discrimination. Nor does he allege that his own race had anything to do with his discharge (not that it would support a retaliation claim anyway). Instead, the Complaint is based solely on allegations that he opposed purported sexual harassment in the workplace, attempted to support his co-worker's sexual harassment claim against the Company, and was discharged as a result. (Compl., ¶¶ 9-12; 23-27).

These allegations fail to state a viable claim as a matter of law. As stated, Section 1981 extends only to retaliation based on opposition to race discrimination or racial harassment. The cases (both inside and outside the Fourth Circuit) affirming this principle are legion. *See e.g., Carter v. Philip Morris, USA*, 36 F.3d 1091, n.1 (4th Cir. 1994) (finding that sexual harassment is not cognizable under Section 1981); *Manning v. Metropolitan Life Ins. Co.*, 127 F.3d 686, 689 n.1 (8th Cir. 1997) (gender-based retaliation not cognizable under Section 1981); *McRae v. Robeson County Bd. of Elections,* No. 7:08-CV-93-FL, 2010 WL 883014 (E.D.N.C. Jan. 27, 2010), *report and recommendation adopted as modified*, No. 7:08-CV-93-FL, 2010 WL 883013 (E.D.N.C. Mar. 8, 2010) ("Section 1981 prohibits discrimination on the basis of race . . . this statute does not apply to gender discrimination."); *Richardson v. Branch Banking & Tr. Co.*, No. 1:05 CV 947, 2006 WL 473884, at *1 (M.D.N.C. Feb. 28, 2006) (dismissing complaint for lack of allegations concerning racial discrimination and because Section 1981 does not create a cause of action for discrimination based upon sex, or for sexual harassment); *Nofal v. Jumeirah Essex House*, No. 09 CIV 2994 PAC, 2010 WL 4942218, at *4 (S.D.N.Y. Dec. 3, 2010) (dismissing retaliation claim where alleged protected activity involved complaints concerning religious

accommodation and sexual harassment, and did not fall within the protective scope of Section 1981); *Anderson v. Astrazeneca LP*, No. 4:10-CV-41, 2011 WL 13187246 (S.D. Iowa Sept. 30, 2011) ("[W]hile retaliation has been recognized as a cognizable claim within § 1981 actions, the retaliation needs to be tied to racial discrimination in some way."); *Tate v. Ancell*, No. 08-0200-DRH, 2011 WL 3859913, at *11 (S.D. Ill. Sept. 1, 2011) ("Plaintiff's claims that defendants retaliated against him because he supported co-workers who were sexually harassed in violation of § 1981 are not related to his race and, therefore, fail as a matter of law."); *Wilmore-Cochran v. Wal-Mart Associates, Inc.*, 929 F. Supp. 2d 1222, 1234 (N.D. Ala. 2013) ("[I]n order to constitute statutorily protected activity capable of supporting a § 1981 retaliation claim, an employee's complaint must reasonably convey that she is opposing discrimination based specifically upon race, versus some other type of discrimination or injustice generally."); *Williams v. Collins*, No. CIV.A. 12-1149, 2012 WL 6058299, at *3 (E.D. Pa. Dec. 5, 2012) (finding that because plaintiff did "not plausibly allege she complained of racial, as opposed to sexual, harassment, she cannot maintain a retaliation claim under § 1981.").

Given the complete absence of any plausible allegation that the purported retaliation against Plaintiff was motivated by his opposition to race-based discrimination, Plaintiff cannot recover under Section 1981. Moreover, the fundamental nature of the Complaint's failings warrant dismissal with prejudice. Plaintiff's lawsuit is based exclusively and comprehensively on the notion that when he tried to support a female co-worker's sexual harassment claim, he was fired. The only way he could even attempt to cure the hole in his case theory is by conjuring up an entirely new set of facts—e.g., that he was subjected to race-based, rather than gender-based, retaliation. No amount of artful pleading, however, can transform Ms. Cooper's gender-based complaints and lawsuit, or Plaintiff's support of those claims, into race-based retaliation.

It would be intellectually dishonest for Plaintiff to attempt to change course so dramatically, not to mention totally implausible under *Twombly* and *Iqbal*. The Court should not allow him the opportunity to do so.

### C. Plaintiff's References to Title VII Do Not Support His Section 1981 Claim and Do Not Establish a Viable Separate Claim Under Title VII.

Given the allegations in the Complaint, the only plausible cause of action Plaintiff might have been able to pursue was one based on a theory of retaliation for opposing gender-based discrimination prohibited by Title VII. Indeed, Plaintiff makes repeated references to Title VII throughout the Complaint (Compl., ¶¶ 2, 4, 6), and alleges in Count I that Smithfield retaliated against him in violation of Section 1981 "for opposing practices made unlawful by Title VII," (Compl., p. 6). But these references do not support a separate, viable claim under Title VII, nor do they lend any support to Plaintiff's fatally flawed Section 1981 claim.

First, a plain reading of the Complaint makes clear that Plaintiff has not pled, nor did he intend to plead, a cause of action under Title VII. Plaintiff's lone claim for relief set forth in Count I of the Complaint is, by its express terms, based upon retaliation "in violation of 42 U.S.C. §1981." (Compl., ¶ 6). Plaintiff's reference to Title VII in Count I and throughout the Complaint appears instead to an attempt to support his Section 1981 claim with allegations that he was retaliated against for "opposing practices made unlawful by Title VII." (Compl., p. 6). But the law is well-settled that Plaintiff's Section 1981 retaliation claim cannot be based on activity protected by Title VII "unless that activity was also protected by § 1981." *See e.g., Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 693 (2nd Cir. 1998) ("An act of retaliation for engaging in activity protected by Title VII does not give rise to a claim for retaliation that is cognizable under § 1981 unless that activity was also protected by § 1981."). Thus, the only

activity protected under Title VII that can support a retaliation claim under Section 1981 is activity that relates to race discrimination. *Id.* As set forth in detail above, Plaintiff's Complaint contains no such allegations. Thus, his references to Title VII provide no support for his Section 1981 claim.

Additionally, even assuming arguendo that Plaintiff intended to plead a separate claim of retaliation under Title VII, such a claim would fail because Plaintiff has not established, and does not allege, that he exhausted the administrative remedies required by the Title VII as a prerequisite to bringing such a claim in court. *See* 42 U.S.C. § 2000e-5(b). And for good reason—Plaintiff never filed an EEOC charge contesting his termination. This failure is fatal to any claim Plaintiff may have intended to advance under Title VII. *See e.g., United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) ("[A] plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the Equal Opportunity Commission together with receipt of, and action on, a statutory notice of his right to sue.") (citing 42 U.S.C. s 2000e-5(f)(1)); *Settles v. Pinkerton, Inc.*, 482 F. Supp. 461, 468 (D.S.C. 1979) (granting motion to dismiss based on plaintiff's failure to allege exhaustion of administrative remedies).

Plaintiff's failure to exhaust the administrative prerequisites to bringing a Title VII claim deprives this Court of subject matter jurisdiction over any claim he might be seeking to advance under Title VII. *See e.g., Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009); *see also Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 138-40 (4th Cir. 1995) (removal of Title VII claim to federal court improper because plaintiff's failure to exhaust deprived court of subject matter jurisdiction); *Chamblee v. Old Dominion Sec. Co.*, No. 3:13-cv-820, 2014 WL 1415095, at *6 (E.D. Va. Apr. 11, 2014).

## IV. CONCLUSION

Plaintiff's Complaint fails as a matter of law to state any claim upon which relief can be granted, and Plaintiff cannot in good faith cure the fundamental deficiencies that doom his Complaint. Accordingly, Smithfield respectfully requests that the Court grant its motion and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted this 15th day of September 2017.

**SMITHFIELD FARMLAND CORP.**

*/s/ Melissa A. Romanzo*
Melissa A. Romanzo (NC Bar No. 38422)
HUNTON & WILLIAMS LLP
101 South Tryon Street, Suite 3500
Charlotte, North Carolina 28280
Telephone: (704) 378-4700
Fax: (704) 378-4890
Email: mromanzo@hunton.com

*Counsel for Defendant Smithfield Farmland Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September 2017, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Angela Newell Gray, Esq.
>7 Corporate Center Court, Suite B
>Greensboro, NC 27408
>angela@graynewell.com
>
>*Attorney for Plaintiff*

>       /s/ Melissa A. Romanzo
>         Melissa A. Romanzo