IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No.: 7:17-cv-00170-D

| | |
|---|---|
| BRANDON A. MOORE, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> SMITHFIELD FARMLAND CORP., ) <br> ) <br> ) <br> Defendant. ) | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT <br><br> Fed. R. Civ. P. 12(b)(6), and <br> Local Civil Rules 7.1 and 7.2 |

Defendant, Smithfield Farmland Corp. ("Smithfield" or the "Company"), by counsel, submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Amended Complaint.

## I. PRELIMINARY STATEMENT

Faced with the obvious legal deficiencies that existed in his original Complaint, Plaintiff has resorted to a last ditch effort to amend both the factual and legal bases for this case. Plaintiff's Amended Complaint contains three new causes of action against Smithfield:

- Count One alleges that Smithfield retaliated against Plaintiff "in violation of NCGS §143-422.2 for refusing to testify falsely in a legal action, and for opposing practices made unlawful pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991, and NCGS §143-422.2." (Am. Compl., p. 8).

- Count Two alleges that Smithfield wrongfully terminated Plaintiff "for refusing to testify falsely in a legal action in violation of the public policies of the state of North Carolina, including the policies outlined in NCGS §143-422.2." (Am. Compl., p. 9).

1

- Count Three alleges that Smithfield wrongfully terminated Plaintiff "in violation of the federal laws guaranteed by the United States Constitution, First Amendment, Freedom of Speech." (Am. Compl., p. 9).

As with the original Complaint, each of the claims contained in the Amended Complaint are founded upon allegations that Plaintiff was retaliated against and ultimately terminated for opposing purported sexual harassment against a co-worker and for supporting her sexual harassment lawsuit against Smithfield. (Am. Compl., ¶¶ 7; 23-28).

Unfortunately for Plaintiff, the Amended Complaint contains the same fatal and fundamental flaw as the original—the legal foundations for his claims (namely N.C. Gen. Stat. § 143-422.2 and the First Amendment) simply do not apply to the facts he has alleged. Thus, regardless of the veracity of his allegations—and to be clear, Smithfield again strongly denies them—Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted.

## II. STATEMENT OF FACTS

The facts relevant to the issues raised in this motion are presented in Plaintiff's Amended Complaint and the Preliminary Statement, above. The gist of Plaintiff's allegations is largely as described in Smithfield's Memorandum of Law in Support of its original Motion to Dismiss. However, Plaintiff has re-worked them slightly to highlight his contention that Smithfield attempted to coerce him into providing false testimony against Lisa Cooper in her sexual harassment lawsuit against Smithfield. (Am. Compl. ¶¶ 7, 23-28). Smithfield disputes the majority of the factual allegations contained in the Amended Complaint, but acknowledges that they are presumed to be true and correct for purposes of this motion only. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007).

## III. ARGUMENT

### A. Applicable Legal Standards Under Rule 12(b)(6)

The purpose of a Rule 12(b)(6) motion is to allow a defendant to test whether a plaintiff would be entitled to relief as matter of law even if everything alleged in the complaint is accepted as true. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). "While a plaintiff is not charged with pleading facts sufficient to prove [his] case . . . a plaintiff *is* required to allege facts that support a claim for relief." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), *cert. denied*, 540 U.S. 940 (2003) (emphasis in original). *See also Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 346 (4th Cir. 2006) ("the burden of a plaintiff [is] to allege facts sufficient to state all the elements of her claim").

### B. Plaintiff's Amended Complaint Fails To State Any Claim Upon Which Relief Can Be Granted Under N.C. Gen. Stat. § 143-422.2.

In Counts One and Two of the Amended Complaint, Plaintiff attempts to advance claims pursuant to N.C. Gen. Stat. § 143-422.2. By its express terms, N.C. Gen. Stat. § 143-422.2, is a "public policy" statute intended to "safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees." *Id*. While N.C. Gen. Stat. § 143-422.2 "clearly pronounces the State's public policy" concerning discrimination in employment, the statute itself affords no remedies or private causes of action for a purported violation. *See Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *Johnson v. North Carolina*, 905 F. Supp. 2d 712, 724 (W.D.N.C. 2012).

Instead, N.C. Gen. Stat. § 143-422.2 serves only as a "very narrow exception" at common law to the employment-at-will doctrine. *Blair v. Randolph Cty. Bd. of Educ.*, 212 N.C. App. 419

3

(2011). Claims involving conduct amounting to retaliation, hostile work environment, disparate treatment, or constructive discharge do not implicate the public policy concerns articulated in N.C. Gen. Stat. § 143–422.2, and therefore are not valid. *See e.g., Jones v. Duke Energy Corp.*, 43 F. App'x 599, 600 (4th Cir. 2002) ("[N]o private cause of action exists for retaliation, hostile work environment, disparate treatment, or constructive discharge in violation of public policy."). In fact, federal courts construing N.C. Gen. Stat. § 143-422.2 have strictly limited its application to claims of wrongful termination on account of protected class status (i.e., race, religion, color, national origin, age, sex or handicap). *See e.g., Williams v. Target Corp.*, No. 3:10CV136-RJC-DSC, 2010 WL 2650847, at *4 (W.D.N.C. Apr. 22, 2010) ("Federal courts considering the issue have consistently refused to recognize a North Carolina state public policy claim other than where the plaintiff was wrongfully terminated.").

Plaintiff has not alleged that he was wrongfully terminated as a result of his race, religion, color, national origin, age, sex or handicap. This fact alone is fatal to both Counts One and Two. Plaintiff instead has attempted to support his claims under N.C. Gen. Stat. § 143-422.2 with allegations of conduct that is neither implicated nor prohibited by the statute.

      **1.**      <u>**Plaintiff's Retaliation Claim Under N.C. Gen. Stat. §143-422.2 Fails Because No Such Cause Of Action Exists.**</u>

Count One of the Amended Complaint is based wholly on allegations that Smithfield retaliated against Plaintiff in violation of N.C. Gen. Stat. § 143-422.2. According to Plaintiff, Smithfield retaliated against him "for refusing to testify falsely in a legal action, and for opposing practices made unlawful pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991, and NCGS §143-422.2." (Am. Compl., p. 8).

The obvious and fatal flaw in this claim is that N.C. Gen. Stat. § 143-422.2 provides neither a private right of action for retaliation nor a source of public policy prohibiting retaliation

4

based on opposition to purported discrimination. *See e.g., Gethers v. Harrison*, No. 5:12-CV-430-F, 2014 WL 28814, at *7 (E.D.N.C. 2014) ("The NCEEPA does not express any public policy concerning retaliation for opposition to any form of discriminatory practice.... Moreover, no North Carolina court has interpreted the NCEEPA to include a claim for discharge in retaliation for complaining about discriminatory employment practices."); *Strickland v. Jewell*, 562 F. Supp. 2d 661, 675 (M.D.N.C. 2007) (noting that § 143-422.2 "does not express a public policy with respect to . . . opposition to any form of discriminatory practice."); *DeWitt v. Mecklenburg Cty.*, 73 F. Supp. 2d 589, 604–05 (W.D.N.C. 1999) (same).

In fact, the federal courts in North Carolina have universally refused to extend N.C. Gen. Stat. § 143-422.2 to **any manner of retaliation**. *See e.g., McLean v. Patten Communities, Inc.*, 332 F.3d 714, 719 (4th Cir. 2003) ("[T]here is no private right of action under North Carolina law for retaliation under §143–422.2."); *Onwe v. Waste Indus., Inc.*, No. 5:15-CV-611-D, 2016 WL 6330387, at *2 (E.D.N.C. Oct. 26, 2016) ("Section 143-422.2 . . . does not create a private right of action for retaliation or provide a source of public policy concerning retaliation."); *Davis v. Gregory Poole Equip. Co.*, No. 2:14-CV-12-BO, 2015 WL 8484261, at *4 (E.D.N.C. Dec. 8, 2015) ("[P]laintiff's attempted state law retaliation claim fails because no such cause of action exists."); *Haley v. Wal-Mart Stores E., L.P.*, No. 5:07-CV-219-D, 2008 WL 5069073, at *4 (E.D.N.C. Nov. 17, 2008) ("[P]laintiff's wrongful discharge retaliation claim . . . fails because North Carolina does not recognize a claim for wrongful discharge in violation of public policy grounded in a retaliation theory under the Equal Employment Practices Act."); *McCallum v. Billy Graham Evangelistic Ass'n*, No. 3:09CV381-RLV, 2012 WL 4756061, at *15 (W.D.N.C. Oct. 5, 2012) ("North Carolina law does not provide for a separate claim of retaliation."); *Day v. Advance Stores Co.*, No. 1:09-CV-664, 2010 WL 1286666, at *8 (M.D.N.C. Mar. 29, 2010)

5

("Plaintiffs may not . . . bring wrongful discharge claims under Section 143-422.2 based on alleged racial harassment or retaliation.").

Accordingly, Plaintiff's claim of retaliation under N.C. Gen. Stat. § 143-422.2 fails as a matter of law to state a cause of action upon which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6).

**2. Plaintiff's Wrongful Termination Claim Under N.C. Gen. Stat. § 143-422.2 Fails Because Plaintiff Has Not Alleged That He Was The Victim Of Protected Discrimination.**

In Count Two of the Amended Complaint, Plaintiff again alleges conduct that is neither implicated nor prohibited by N.C. Gen. Stat. § 143-422.2. According to Plaintiff, Smithfield wrongfully terminated him "for refusing to testify falsely in a legal action in violation of the public policies of the state of North Carolina, including the policies outlined in NCGS §143-422.2." (Am. Compl., p. 9). Although Plaintiff attempts to couch his claim in terms of "wrongful termination," Count Two is clearly founded upon a theory of retaliation. Plaintiff admits as much throughout the Amended Complaint.

Indeed, aside from his express allegation that he was "retaliated against for refusing to provide false testimony in a legal action" (Am. Compl.,¶ 7), Plaintiff repeatedly characterizes this purported refusal as "protected activity," and repeatedly alleges that his termination was the result of that "protected activity." (Am. Compl.,¶¶ 7, 23-28). As demonstrated above, N.C. Gen. Stat. § 143-422.2 provides no basis for such a claim. *See e.g., McLean*, 332 F.3d at 719 (4th Cir. 2003) ("[T]here is no private right of action under North Carolina law for retaliation under § 143-422.2."); *Onwe*, No. 5:15-CV-611-D, 2016 WL 6330387, at *2 (E.D.N.C. Oct. 26, 2016) ("Section 143-422.2 . . . does not create a private right of action for retaliation or provide a source of public policy concerning retaliation.")

6

Even assuming for discussion's sake that Count Two could be construed as something besides retaliation, it still fails to state a viable claim because Plaintiff alleges no facts establishing that he was subjected to any manner of discrimination prohibited by N.C. Gen. Stat. § 143-422.2. Nothing in the statute can remotely be read as providing protection against a refusal to provide false testimony. By its express terms, N.C. Gen. Stat. § 143-422.2 is a declaration of public policy intended to prohibit discrimination in employment against individuals on account of their "race, religion, color, national origin, age, sex or handicap," and the federal courts construing it have repeatedly refused to extend its application beyond claims of wrongful termination based on those protected characteristics. *See e.g., Williams v. Target Corp.*, No. 3:10CV136-RJC-DSC, 2010 WL 2650847, at *4 (W.D.N.C. Apr. 22, 2010) ("Federal courts considering the issue have consistently refused to recognize a North Carolina state public policy claim other than where the plaintiff was wrongfully terminated."). Plaintiff does not allege anywhere in the Amended Complaint that he was subjected to any such discrimination. As a result, Count Two must also be dismissed.

    **C.**    **Plaintiff's Amended Complaint Fails To State Any Claim Upon Which Relief Can Be Granted Under The First Amendment.**

Finally, Count Three of the Amended Complaint purports to state a claim "for wrongful termination in violation of the federal laws guaranteed by the United States Constitution, First Amendment, Freedom of Speech." (Am. Compl., p. 9). The legal and factual bases for this claim are unclear. What is abundantly clear, however, is that the First Amendment protects citizens **only** from government or state interference with their right to free speech; it does not apply to private employers like Smithfield. *See e.g., Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 819 (4th Cir. 2004). As the United States Supreme Court has noted:

7

Case 7:17-cv-00170-D   Document 14   Filed 10/17/17   Page 7 of 10

> It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state. Thus, while statutory or common law may in some situations extend protection or provide redress against a private corporation or person who seeks to abridge the free expression of others, no such protection or redress is provided by the Constitution itself.

*Hudgens v. NLRB*, 424 U.S. 507, 513 (1976).

Moreover, neither the United States nor North Carolina recognizes a public-policy-based cause of action for alleged constitutional violations by private parties. *See Sesco v. Dana World Trade Corp.*, No. 1:01CV43-T, 2002 WL 215015, at *6 (W.D.N.C. Feb. 5, 2002); *see also Johnson v. Mayo Yarns, Inc.*, 484 S.E.2d 840, *rev. denied*, 488 S.E.2d 802 (1997) (first-amendment rights and corresponding state constitutional rights do not extend to the private workplace). Accordingly, Count Three of the Amended Complaint fails to state a claim upon which relief can be granted, and must also be dismissed under Rule 12(b)(6).

## IV. **CONCLUSION**

Plaintiff's Amended Complaint fails as a matter of law to state any claim upon which relief can be granted, and Plaintiff cannot in good faith cure the fundamental deficiencies that doom it.[1] Accordingly, Smithfield respectfully requests that the Court grant its motion and dismiss Plaintiff's Amended Complaint with prejudice.

---

[1] Plaintiff has not alleged in the Amended Complaint that he was an at-will employee at Smithfield. His omission is significant since the State's "public policy" exception to the employment-at-will doctrine applies only to at-will employees. In fact, Plaintiff was not an at-will employee. He was employed under the terms of a collective bargaining agreement prohibiting discharge in the absence of just cause. Accordingly, Plaintiff would be unable to advance any manner of policy-based "wrongful termination" claim under North Carolina state law even if he could re-plead the claims advanced in his Amended Complaint (he cannot). Thus, any effort by Plaintiff to further amend his pleading to do so would be futile. *See e.g., Bacheldor v. Int'l Bhd. of Elec. Workers*, No. 7:10-CV-228-BO, 2011 WL 9210457, at *2 (E.D.N.C. Apr. 21, 2011) (dismissing common law wrongful discharge claim on basis that employee was subject to collective bargaining agreement provision stating that employees shall only be fired for "proper cause," and therefore was not an at-will employee).

Respectfully submitted this 17th day of October 2017.

                                        **SMITHFIELD FARMLAND CORP.**

                                        */s/ Melissa A. Romanzo*
Melissa A. Romanzo (NC Bar No. 38422)
HUNTON & WILLIAMS LLP
101 South Tryon Street, Suite 3500
Charlotte, North Carolina 28280
Telephone: (704) 378-4700
Fax: (704) 378-4890
Email: mromanzo@hunton.com
*Counsel for Defendant Smithfield Farmland Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October 2017, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Angela Newell Gray, Esq.
>7 Corporate Center Court, Suite B
>Greensboro, NC 27408
>angela@graynewell.com
>
>*Attorney for Plaintiff*

                                          */s/ Melissa A. Romanzo*
                                            Melissa A. Romanzo